IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID MICHAEL MULLINS,

    Plaintiff,

v.                                        Civil Action No. 2:25-cv-01366-MJH

DUQUESNE UNIVERSITY;

ALICIA SIMPSON;

ADAM WASILKO;

ANNE MULLARKEY SAWA;

DANIEL SELCER,

    Defendants.

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff David Michael Mullins, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1 for leave to file a Second Amended Complaint. The proposed Second Amended Complaint is attached as Exhibit SAC.

## CERTIFICATE OF CONFERRAL

Pursuant to Judge Horan's Standing Order on Civil Motion Practice, Plaintiff certifies that conferral with defense counsel was impracticable prior to filing this motion. The basis for this certification is as follows:

Defendants have not yet responded to the First Amended Complaint (filed October 6, 2025), have not conferred regarding any pending matters, and have filed no motions or responses to date. Plaintiff also has received no reply to his October 24, 2025 request for access to the TRO hearing transcript purchased by Defendants.

The conduct giving rise to the proposed amendment occurred on October 20–22, 2025, involving newly discovered acts by Dean Kristine L. Blair that materially alter the factual and legal landscape of this case. The misconduct concerns ongoing administrative actions that continue to affect Plaintiff's academic status and create continuing harm.

Because these events arose within the past five days and require prompt judicial awareness to prevent further prejudice, delaying filing for formal conferral would defeat the purpose of timely amendment. Plaintiff will promptly confer with defense counsel upon docketing of this motion and stands ready to meet and confer regarding scheduling or any proposed stipulations to minimize burden on the Court.

Plaintiff reasonably anticipates that Defendants will oppose this motion, given its addition of a new individual defendant and related factual allegations.

Respectfully submitted,

/s/ David Michael Mullins

David Michael Mullins

Pro Se Plaintiff

amodelcomplainant@gmail.com

Dated: October 27, 2025

## MEMORANDUM OF LAW IN SUPPORT

### I. INTRODUCTION

Plaintiff seeks leave to file a Second Amended Complaint to add Kristine Blair, Dean of McAnulty College and Graduate School of Liberal Arts, as a fifth individual defendant. Dean Blair coordinated with Defendant Daniel Selcer during active federal litigation to bypass mandatory conflict-of-interest review procedures under Duquesne's TAP No. 33 (Conflict of Interest Policy). This coordination occurred seven days after Plaintiff cross-examined Defendant Selcer under oath before this Court on October 15, 2025.

The proposed amendments add:

- New Defendant: Kristine Blair (individual capacity)

- New Factual Allegations: Paragraphs 46-69 (Blair-Selcer coordination sequence, October 20-22, 2025)

- Count IV Addition: Pattern 4 - Fraud by Blair (¶¶293-308)

- Count V Addition: Conspiracy #4 - Blair-Selcer coordination during litigation

- Updated Prayer for Relief: Claims against Blair for compensatory and punitive damages

All other allegations from the First Amended Complaint (filed October 6, 2025) remain substantively unchanged.

**Format of Proposed Second Amended Complaint**

Judge Horan's Standing Order § 1.e requires amendments to be shown in redline format. Due to the substantial nature of these amendments—adding an entire new defendant with extensive new factual allegations (24 paragraphs), a new fraud pattern, and a new conspiracy—Plaintiff provides a clean version of the Proposed Second Amended Complaint as Exhibit A rather than a redline version. A traditional redline comparing a 109-page complaint with a 146-page complaint would be difficult to read and not materially assist the Court's review.

The specific additions are clearly identified above and in this motion. All other allegations from the First Amended Complaint remain substantively unchanged. Should the Court require a redline version, Plaintiff will promptly provide one upon request.

## II. STANDARD FOR LEAVE TO AMEND

Under Rule 15(a)(2), courts should freely grant leave to amend when justice so requires. The Third Circuit has consistently applied this liberal standard absent undue delay, bad faith, prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Where new facts emerge after the original pleading, amendment is particularly appropriate. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

## III. THE PROPOSED AMENDMENTS SATISFY RULE 15(a)(2)

**A. No Undue Delay**

The First Amended Complaint was filed on October 6, 2025—just three weeks ago. The conduct giving rise to these amendments occurred on October 22, 2025—only five days ago. Plaintiff moves to amend as soon as practicable after learning of Dean Blair's coordination with Defendant Selcer and her false representations about Duquesne's conflict-of-interest policy.

Immediate amendment prevents continuing harm and promotes judicial efficiency.

**B. No Bad Faith or Dilatory Motive**

Plaintiff seeks amendment in direct response to new misconduct that occurred during this litigation. On October 20, 2025, Plaintiff submitted a formal conflict-of-interest disclosure under TAP No. 33, reporting that Professor Daniel Selcer—a defendant in this case whom Plaintiff had cross-examined under oath—taught Plaintiff's required PhD seminar.

Rather than referring the matter for independent review as TAP No. 33 mandates, Dean Blair consulted with Defendant Selcer himself about whether Selcer had a conflict of interest. Blair then announced on October 22, 2025 that "Both Dr. Selcer and I strongly concur" that Plaintiff should remain in Selcer's class, and that "TAP 33 does not apply to this situation."

This creates new claims for fraud and civil conspiracy. Plaintiff's immediate response demonstrates diligence, not delay.

## C. No Repeated Failure to Cure Deficiencies

Defendants have not moved to dismiss the First Amended Complaint, and no court order has identified deficiencies requiring cure. The proposed amendments add new claims based on new facts, not corrections of pleading defects.

## D. Minimal Prejudice to Defendants

Defendants will suffer no prejudice. The relevant emails were sent by Blair herself, discovery has not begun, and the amendments arise from Defendants' own recent conduct without altering the substance of existing counts. Any minimal burden of response is outweighed by the interest in resolving all related claims in one proceeding and addressing ongoing violations during the pendency of this case.

## E. Not Futile

Amendment is futile only if the proposed claims "could not withstand a motion to dismiss." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The proposed amendments easily satisfy this standard.

### 1. Fraud (Count IV, Pattern 4)

Pennsylvania fraud requires: (1) a material misrepresentation; (2) scienter; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages. *Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882, 889 (1994).

*Material Misrepresentation*: Dean Blair represented that "TAP 33 does not apply to this situation" because students are not "Covered Parties." This is false. TAP No. 33 § IV.3 explicitly states: "Any member of the University community who discovers events or circum-

6

stances that appear to be in violation of this policy should promptly report their discovery to the appropriate Vice President, Secretary of the University, or President." This section expressly authorizes reports by students/community members about Covered Party conflicts. Blair's representation directly contradicts the policy's plain language.

*Scienter*: Blair read TAP No. 33 carefully enough to cite specific sections about Covered Party definitions. She therefore read or should have read Section IV.3, which explicitly authorizes community member reports. Her argument that students cannot invoke TAP 33 demonstrates knowing falsity or reckless disregard for truth—she deliberately ignored the section contradicting her desired outcome. Additionally, Blair copied Matthew Frist (Senior Vice President for Finance and Business) on her October 22 email, demonstrating she knew Frist was the designated reviewer under TAP No. 33 § IV.4, yet she did not request his review. This shows consciousness of wrongdoing.

*Intent to Induce Reliance*: Blair's October 22 emails directed Plaintiff to remain enrolled in Defendant Selcer's class and participate in private meetings with Selcer, under threat of failing grade and loss of teaching eligibility. Blair copied both Plaintiff and university officials, intending all parties to rely on her representation that proper procedures had been followed.

*Justifiable Reliance*: Senior Vice President Matthew Frist and other designated reviewers relied on Blair's false representation that TAP 33 didn't apply to student reports, preventing them from conducting the mandatory independent conflict review TAP No. 33 § IV.4 requires. This reliance caused Plaintiff harm by denying him the procedural protections the policy guarantees.

*Damages*: As a direct result of Blair's fraud, Plaintiff has been forced into ongoing contact with and evaluation by a litigation adversary, has suffered severe psychological distress (documented "anxiety freefall" after forced attendance in Selcer's class on October 23, 2025),

and has been denied the independent conflict review TAP No. 33 mandates.

The fraud allegations satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, specifying the who (Blair), what (false statement that TAP 33 doesn't apply), when (October 22, 2025), where (emails to Plaintiff and officials), and why (to avoid mandatory independent review). The proposed complaint provides even more specificity than required.

### 2. Civil Conspiracy (Count V, Conspiracy #4)

The Blair–Selcer conspiracy satisfies Pennsylvania's three elements: agreement, overt acts, and resulting damages. *Peikoff v. Culp*, 65 A.3d 285, 292 (Pa. Super. 2013).

*Agreement*: Dean Blair's October 22, 2025 email states: "I did need to consult Dr. Selcer... Both Dr. Selcer and I strongly concur that it is appropriate for you to remain enrolled in your required teaching seminar." This documents the agreement between Blair and Selcer.

*Unlawful Acts*: The conspiracy involved multiple unlawful acts:

- Fraud (Pattern 4, incorporated by reference)
- Title IX retaliation (adverse action seven days after Plaintiff cross-examined Selcer)
- Due process violations (denial of procedural protections)
- First Amendment retaliation (chilling Plaintiff's court access and speech)

*Overt Acts*: The proposed complaint details 13 specific overt acts with dates, including Blair's consultation with Selcer, false representations about policy applicability, coordination during active litigation, and refusal to refer for independent review despite explicit correction with policy citations.

*Damages*: The Blair–Selcer conspiracy created a form of harm that only coordinated misconduct could produce. On October 23, immediately after Blair's written assurance that Selcer

8

should remain Plaintiff's instructor, Selcer—emboldened by that institutional cover—approached Plaintiff to schedule private meetings despite being an active litigation adversary. This act exploited a manufactured vulnerability and intensified Plaintiff's distress, interfering directly with protected court activity. The conspiracy's success in sealing off oversight channels left Plaintiff powerless to correct the abuse, producing isolation, humiliation, and the reasonable belief that the institution had predetermined his unworthiness of protection. The ongoing requirement to submit to evaluation by the opposing party continues to inflict psychological harm and chills Plaintiff's federal-court access rights. The injury is cumulative: prior conspiracies created the framework, and this one keeps it operative by preserving the structure that enables continuing retaliation.

The civil conspiracy claim is not futile. It alleges specific coordination between two defendants to bypass mandatory procedures, documented in writing, causing ongoing harm.

### 3. Individual Capacity Claims Against Blair

Dean Blair is sued in her individual capacity for intentional torts—fraud and civil conspiracy—arising from personal conduct outside any legitimate administrative function. Her deliberate coordination with Defendant Selcer to circumvent mandatory conflict-of-interest review and preserve his evaluative power was discretionary, retaliatory, and undertaken to protect a colleague rather than serve the University. These acts constitute willful and malicious interference with Plaintiff's rights and expose Blair to personal liability under settled common-law principles governing intentional misconduct by institutional officers.

The proposed amendments are not futile. They state valid claims with ample factual support documented in Blair's own emails.

## IV. CONCLUSION

The proposed amendments satisfy Rule 15(a)(2)'s liberal standard. They respond to new misconduct that occurred during this litigation, involve minimal prejudice (if any) to Defendants, and state valid claims that easily survive the futility standard. Justice requires leave to amend where, as here, a university dean coordinates with a defendant-professor to bypass mandatory conflict-of-interest procedures, documents that coordination in writing, and makes false representations about policy applicability to prevent independent review.

Plaintiff respectfully requests that this Court grant leave to file the Second Amended Complaint.

Respectfully submitted,

/s/ David Michael Mullins

David Michael Mullins

Pro Se Plaintiff

amodelcomplainant@gmail.com

Dated: October 27, 2025