# EXHIBIT K

**BLAIR-SELCER TAP 33 CORRESPONDENCE**

**(October 20–22, 2025)**

**EXHIBIT K-1**

**From:** David Mullins <dntstoplaughing@gmail.com>

**Date:** Monday, October 20, 2025 at 10:10 AM

**To:** Dr. Kristine Blair <blairk2@duq.edu>

**Subject:** [External] Conflict of Interest in Required Teaching Seminar

Dear Dr. Blair,

I hope you're having a good fall break.

I wanted to make you aware of a conflict of interest affecting my required Ph.D. teaching seminar. The course is taught by Professor Dan Selcer, who is a named defendant in my ongoing federal civil case against Duquesne University. Because participation in this seminar is required for the Ph.D. program and involves discussion of Title IX compliance, I do not believe it's appropriate for me to remain enrolled under his instruction.

Could you please advise on a way to fulfill this requirement through an alternate instructor or equivalent course? Until this is resolved, I'll refrain from attending to avoid any appearance of impropriety or further conflict.

Thank you very much for your understanding and guidance.

Best regards,

David Michael Mullins

## EXHIBIT K-2

**From:** Dr. Kristine Blair <blairk2@duq.edu>

**Date:** Wed, Oct 22, 2025 at 8:35 AM

**To:** David Mullins <dntstoplaughing@gmail.com>

**Subject:** Re: [External] Conflict of Interest in Required Teaching Seminar

Dear David:

I hope you have had a restful Fall Break. In preparing my response to your query, I did need to consult Dr. Selcer as instructor to secure some additional details.

Both Dr. Selcer and I strongly concur that it is appropriate for you to remain enrolled in your required teaching seminar, which is only being taught by Dr. Selcer this semester. Dr. Selcer is committed to providing you with the same consideration and opportunities as any other student. He also will meet with you so that you can catch up on missed content on days that you were absent, and Director of Graduate Studies Lanei Rodemeyer will attend these meetings to the extent her schedule permits.

Thus, you should return to class today in order to complete the course with a passing grade, a requirement for your ability to teach in Fall 2026. Dr. Selcer reports that you have attended the course on three occasions (8/27, 9/3, and 9/17) and will not pass should you not resume attendance. In addition, here are the other required conditions impacting your standing in the course:

1. Schedule times to meet with Dr. Selcer to review missed content on days that you were absent

2. Complete all readings and submit all missing prompts where required

3. Plan to complete your syllabus draft, critique, and revision, including meeting with Dr. Selcer to review your syllabus revision

4. Deliver your teaching demo

Dr. Selcer is able to work with you on these requirements to foster your success in the course. Should you choose to withdraw from the course, do note that you would be required to re-enroll in Fall 2026 along with your concurrent teaching assignment, and would be required to complete, based on the cohort model, all activities for GTS1 and GTS2.

Sincerely,

Kris Blair, Dean

Dr. Kristine L. Blair (she/her), Dean

McAnulty College and Graduate School of Liberal Arts

Duquesne University | 210 College Hall

600 Forbes Avenue | Pittsburgh, PA 15282

412-396-6388 | blairk2@duq.edu

## EXHIBIT K-3

**From:** David Mullins <dntstoplaughing@gmail.com>

**Date:** Wed, Oct 22, 2025 at 9:58 AM

**To:** Dr. Kristine Blair <blairk2@duq.edu>

**Cc:** <fristm@duq.edu>, <lafranciem@duq.edu>, <president@duq.edu>, <legalaffairs@duq.edu>

**Subject:** Re: Conflict of Interest in Required Teaching Seminar

Dear Dean Blair,

Thank you for your prompt response. However, I must respectfully object to the proposed resolution on both policy and legal grounds.

**TAP No. 33 Violations**

My October 20 email constituted a formal conflict-of-interest disclosure under TAP No. 33 § IV.2, which states that "when a Covered Party is made aware of a potential conflict of interest throughout the year, they must immediately disclose the potential conflict and all relevant facts." I disclosed that Professor Selcer is a named defendant in my active federal civil case and that I cross-examined him under oath one week ago.

TAP No. 33 § IV.4 provides: "Potential conflicts of interest that are disclosed... will be reviewed by the Senior Vice President for Finance and Business or their designee and/or external investigators to determine the appropriate, situation-specific plan designed to manage, reduce, or eliminate the conflict."

Instead of the required independent review by those designated officials, you consulted with Professor Selcer himself—the conflicted party—and jointly concluded there is no conflict. By bypassing that review and consulting the conflicted party directly, the University failed to comply with the conflict-management procedures mandated by TAP 33.

The policy further states that "Covered Parties must not permit their personal interests to conflict, or appear to conflict, with the interests of the University." (§ I) Professor Selcer's personal interests as a defendant named in his individual capacity in active federal litigation

where I am the opposing party create both an actual conflict and an unmistakable appearance of conflict under this standard. That case bears directly on the content of this course—which includes discussion of Title IX compliance—and includes allegations of fraud and civil conspiracy involving Professor Selcer's actions against both my interests and the University's.

**Federal Retaliation Concerns**

The proximity between my protected activity in federal court (October 15 hearing) and this directive (October 22 email) presents a strong appearance of retaliatory coercion under 34 C.F.R. § 106.71. Requiring me to meet privately with and be graded by an individual defendant immediately after cross-examination raises grave Title IX retaliation concerns.

**Request for Proper Policy Compliance**

I respectfully request that this matter be referred to the Senior Vice President for Finance and Business, the Secretary of the University, or the President for independent review in accordance with TAP No. 33. I remain committed to fulfilling all academic requirements promptly under a neutral arrangement consistent with University policy and federal law.

I will attend today's class under formal protest to avoid academic prejudice, but I preserve all objections to this arrangement and do not waive any rights under TAP No. 33, Title IX, or federal law. However, given the ongoing litigation and Professor Selcer's status as a named defendant, I will not participate in any one-on-one meetings or private conferences with him. I am happy to complete all coursework and discussions through written or group channels that protect both parties' interests during ongoing litigation.

**Recipients of this Message**

In accordance with TAP No. 33 § IV, I have copied the officials explicitly designated by policy to receive and review conflict-of-interest disclosures: the Senior Vice President for Finance and Business, the Secretary of the University, and the President. I have also included the Office of General Counsel to ensure proper compliance review and coordination with external legal counsel.

Respectfully,

David Michael Mullins

**CC:**

Matthew J. Frist - Senior Vice President for Finance & Business fristm@duq.edu

Michael S. LaFrankie - Secretary of the University lafranciem@duq.edu

Ken Gormley - President president@duq.edu

Office of General Counsel legalaffairs@duq.edu

## EXHIBIT K-4

**From:** David Mullins <dntstoplaughing@gmail.com>

**Date:** Wed, Oct 22, 2025 at 10:19 AM

**To:** mccloskey@duq.edu, president@duq.edu, legal@duq.edu, Dr. Kristine Blair <blairk2@duq.edu>, frist@duq.edu

**Subject:** TAP 33 Conflict-of-Interest Disclosure (Teaching Seminar) - Corrected Recipients

Dear Dean Blair, Mr. Frist, Rev. McCloskey, President Gormley, and Office of Legal Affairs,

Apologies for the earlier copy line on my prior email. I'm forwarding the same conflict-of-interest disclosure here to ensure it reaches the correct TAP 33 designees:

- Matthew Frist, Senior Vice President for Finance and Business

- Reverend James P. McCloskey, C.S.Sp., University Secretary

- President Ken Gormley

- Office of Legal Affairs/ General Counsel

Please consider this the operative version of my October 20 disclosure and request for independent review under TAP No. 33 § IV. No action is required from the inadvertently copied parties on the earlier version.

Thank you very much for your attention to proper routing and compliance.

Respectfully,

David Michael Mullins

**EXHIBIT K-5**

**From:** Dr. Kristine Blair <blairk2@duq.edu>

**Date:** Wed, Oct 22, 2025 at 2:20 PM

**To:** David Mullins <dntstoplaughing@gmail.com>, David Mullins <mullinsd@duq.edu>

**Cc:** Matthew Frist <frist@duq.edu>

**Subject:** Re: Conflict of Interest in Required Teaching Seminar

Dear David,

Please be advised that TAP 33 does not apply to this situation. First, as a student, you are not a "Covered Party" as defined by TAP 33. Second, the scenario, including Dr. Selcer continuing to serve as your instructor, does not fall within the limited definition of a "Conflict of Interest" in TAP 33.

As such, there is no change to the email that I sent to you this morning at 8:35 a.m.