IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID MICHAEL MULLINS,

    Plaintiff,

    v.                                     Civil Action No. 2:25-cv-01366-MJH

DUQUESNE UNIVERSITY;
ALICIA SIMPSON;
ADAM WASILKO;
ANNE MULLARKEY SAWA;
DANIEL SELCER,

    Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO STRIKE REPLY BRIEF

Plaintiff David Michael Mullins respectfully opposes Defendants' Motion to Strike Reply Brief (ECF No. 38). Defendants identify three quotation issues in Plaintiff's Reply. Plaintiff addresses each below. The motion should be denied.

### I. DEFENDANTS' REFUSAL TO CONFER WAS UNJUSTIFIED

Defendants acknowledge they did not contact Plaintiff before filing this motion. They state:

> Defendants' counsel have not discussed this motion or the requested relief with Dr. Mullins because this is not the first time these types of issues have been present in his court filings, and, therefore, Defendants' counsel are of the belief that these issues with the Reply cannot be resolved through a voluntary amendment of the filing by Dr. Mullins.

Defs.' Mot. ¶9.

This reasoning is **backwards**. Defendants point to Plaintiff's October 6, 2025 Notice of Correction and Errata (ECF No. 16) as evidence that "these issues" have occurred before. But that Notice proves exactly the **opposite** of what Defendants claim.

On October 6, 2025, Plaintiff discovered on his own that two exhibits contained paraphrases generated through an automated drafting tool. **Unprompted by Defendants or the Court**, Plaintiff filed a Notice of Correction and Errata **the same day**—immediately correcting the issue and providing accurate quotations.

Defendants now argue that because Plaintiff promptly self-corrected once before, they are justified in believing "these issues. . . cannot be resolved through a voluntary amendment." This makes no sense. Plaintiff's track record demonstrates that when he identifies citation or quotation issues, he **immediately corrects them**—exactly as he does in this Opposition.

Had Defendants contacted Plaintiff about the alleged misquotations, Plaintiff would have immediately corrected them, rendering this motion unnecessary. Defendants' refusal to confer was not justified by Plaintiff's history—it was contradicted by it.

## II. PLAINTIFF ADDRESSES EACH ALLEGED MISQUOTATION

### A. The *Long v. SEPTA* Citation

Defendants correctly identify that the language Plaintiff attributed to *Long v. SEPTA*, 903 F.3d 312, 321 (3d Cir. 2018) does not appear in that opinion. Plaintiff acknowledges this error. The Third Circuit's published opinion in *Long* addresses Article III standing under the Fair Credit Reporting Act, not standards for amending pleadings.

Plaintiff is investigating the source of the quoted language, which may have appeared in a brief or order in the *Long* litigation, or may have been inadvertently conflated with language from another Third Circuit decision. This was an error in attribution—not intentional fabrication. Plaintiff immediately corrects this error by withdrawing the citation to *Long* for that proposition.

The **substance** of the proposition remains accurate under Third Circuit law: the Court applies a liberal standard for amendment under Rule 15(a)(2), and leave should be freely given in the absence of undue delay, bad faith, or prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("shall be freely given when justice so requires"); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust.").

### B. The *Burlington* Citation

Defendants claim the statement that the futility standard is "identical to the Rule 12(b)(6) standard" is inaccurate. Defs.' Br. at 4.

The Third Circuit in *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997), states: "In assessing 'futility,' the district court applies the same standard of legal

3

sufficiency as applies under Rule 12(b)(6)."

Plaintiff's use of "identical" instead of "the same" is a paraphrase. The quotation marks should have been omitted. However, the substance is accurate: futility and Rule 12(b)(6) use the same legal standard. Defendants do not dispute this.

### C. The *Foman* Citation

Defendants object to Plaintiff placing brackets around the "n" in "give[n]" when quoting *Foman*. Defs.' Br. at 4.

The Supreme Court's opinion states that leave to amend should be "freely given when justice so requires." *Foman*, 371 U.S. at 182. Plaintiff's use of "freely give[n]" with a bracketed "n" is standard citation practice to show grammatical modification for sentence flow. This is proper Bluebook citation form. That said, Plaintiff is happy to use "freely given" without brackets in future filings.

## III. *ALLBAUGH* IS NOT ANALOGOUS

Defendants cite *Allbaugh v. Univ. of Scranton*, Civil No. 3:24-CV-2237 (M.D. Pa. Aug. 28, 2025), where a Middle District of Pennsylvania court sanctioned a retired attorney proceeding *pro se* $1,000 for citing a completely fictitious case generated by artificial intelligence.

Plaintiff acknowledges that the *Long* citation error is serious. Attributing language to a case that does not contain it is not merely a formatting issue—it is an error in attribution that requires correction.

However, **Allbaugh** is not analogous for five independent reasons:

**1. No fabricated authorities.** Plaintiff cited only real cases. *Long v. SEPTA*, 903 F.3d 312 (3d Cir. 2018), is an actual Third Circuit decision. The issue was an incorrect attribution, not the invention of a nonexistent case. In *Allbaugh*, the litigant cited a case that did not exist.

**2. No standing-order violation.** The sanction in *Allbaugh* was based in part on violating a specific AI-disclosure standing order. There is no comparable violation here.

**3. Immediate correction and no pattern of misconduct.** In *Allbaugh*, the litigant continued submitting filings containing fictitious citations after being notified of the problem, which the court treated as a pattern requiring deterrence. Here, Plaintiff corrected the attribution error immediately upon review. The issue was cured without delay. Plaintiff's track record—including the October 6, 2025 same-day self-correction—demonstrates immediate responsiveness, not a pattern requiring deterrence.

**4. Correct legal proposition; incorrect attribution.** The legal rule stated in Plaintiff's Reply—the liberal standard for amendment under Rule 15(a)(2)—is accurate Third Circuit law. The mistake concerned attribution, not the substance of the legal standard. In *Allbaugh*, the fabricated authority was offered to support a legal argument.

**5. Different culpability posture.** The *Allbaugh* plaintiff was a retired attorney, and the court relied on his legal training when assessing the need for deterrence. Plaintiff is a *pro se* litigant with no legal training who corrected the error immediately. The culpability considerations in *Allbaugh* are not present here.

## IV. MOTIONS TO STRIKE BRIEFS ARE DISFAVORED

Motions to strike are disfavored and rarely granted. The proper remedy for any disputed citation or quotation is for the Court to disregard that specific statement—not to strike an

entire brief.

Striking the Reply would:

- deprive the Court of responsive briefing on the futility standard under Rule 15(a)(2);

- apply a disproportionate remedy to citation errors that have been promptly corrected; and

- eliminate substantive legal argument based on one citation error rather than evaluating the merits of Plaintiff's arguments.

The Reply Brief addresses important legal questions regarding the proper application of the futility standard, the distinction between futility analysis and merits adjudication, and the liberal standard for amendment under Rule 15(a)(2). Those arguments remain valid.

## V. DEFENDANTS CANNOT ESTABLISH PREJUDICE

Defendants identify no prejudice from the Reply's filing. They do not claim:

- that the Reply misstates the governing legal standard for futility under Rule 15(a)(2);

- that any legal proposition is incorrect;

- that the Court has been misled about controlling Third Circuit precedent on amendment; or

- that they have suffered any concrete harm.

Without prejudice, there is no basis for striking a brief.

## VI. THIS OPPOSITION PROVIDES THE APPROPRIATE REMEDY

This Opposition directly addresses Defendants' concerns by:

- acknowledging the *Long* citation error and withdrawing that citation;

- clarifying that the *Burlington* language was a paraphrase and that the substance is accurate;

- explaining that the *Foman* brackets were proper citation form; and

- providing correct citations for the legal standards discussed in the Reply.

These corrections fully address Defendants' concerns. Striking the entire Reply is unnecessary and disproportionate.

## CONCLUSION

Defendants refused to contact Plaintiff before filing this motion, claiming that Plaintiff's prior same-day self-correction somehow proved issues "cannot be resolved through a voluntary amendment." This reasoning contradicts Plaintiff's demonstrated track record of immediately correcting citation issues when identified.

Plaintiff acknowledges the *Long* citation error and corrects it in this Opposition by withdrawing the citation and providing accurate supporting authority. This was a research and attribution error involving a real case—not fabrication of a nonexistent case through artificial intelligence as in *Allbaugh*. The legal substance of the Reply remains accurate. No prejudice has been shown. This Opposition provides the appropriate remedy.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike.

Respectfully submitted,

/s/ David Michael Mullins

David Michael Mullins

Pro Se Plaintiff

amodelcomplainant@gmail.com

Dated: November 21, 2025