IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 25-1366 |
| | ) |
| DUQUESNE UNIVERSITY OF THE HOLY SPIRIT, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

Plaintiff David Mullins is representing himself in this action, and, because he qualified for in forma pauperis status, this action was commenced without Plaintiff having to prepay the filing fees or court costs. *See* 28 U.S.C. § 1915. Plaintiff's initial Complaint was dismissed by the Court sua sponte for failure to state a claim upon which relief can be granted. Plaintiff was given leave to file an amended complaint, which he did. He also refiled his Motion for Temporary Restraining Order. Defendants were served with the Complaint within days, and on October 16, 2025, a hearing on on the request for a TRO was held. ECF No. 27. At the close of the hearing, the Motion for Temporary Restraining Order was denied. Shortly thereafter, Plaintiff sought leave to file a Second Amended Complaint. ECF Nos. 28, 30. Defendants filed a Response, opposing the Motion, to which Plaintiff filed a Reply. ECF Nos. 34, 37. After reviewing Plaintiff's Reply Brief, the defense filed a Motion to Strike the Reply and a Brief in Support. ECF Nos. 38 & 39. Plaintiff filed a Response to the Motion to Strike. ECF No. 40. In addition, Plaintiff filed a Motion for Access to TRO Hearing Transcript, seeking a copy of the transcript at no cost. ECF No. 41.

In this Opinion, the Court will resolve the Motion to Strike and the Motion for Access to TRO Hearing Transcript. Resolution of the Motion for Leave to File Second Amended Complaint is deferred until after briefing is completed, as explained below.

### I. Defense Motion to Strike Reply

The defense moves to strike Plaintiff's Reply, because it includes errors that appear to be the result of Plaintiff using artificial intelligence drafting tools, and because this is not the first time such artificial intelligence drafting errors have appeared in one of Plaintiff's pleadings. Plaintiff's general opposition to the Motion is his assertion that he has shown that he will correct such errors and the defense has suffered no harm or prejudice as a result of the errors. He also states that, had defense counsel contacted him about the misquotations in his Reply, Plaintiff would have immediately corrected them.[1]

There are three identified errors. First, Defendants identify that Plaintiff erroneously attributed a quote to a Third Circuit case, *Long v. SEPTA,* 903 F.3d 312, 321 (3d Cir. 2018), that does not appear in the *Long* opinion. In addition, Defendants point out that the *Long* case has no relevance to Plaintiff's request for leave to amend his complaint. Plaintiff acknowledges both the phantom quote and the fact that the *Long* case is not relevant to his argument. Resp. 3. Plaintiff states that he withdraws the citation to the *Long* case, and also argues that no prejudice to Defendants has been shown.

Second, Defendant's point out an error in the following quotation and citation from Plaintiff's Reply: "But the futility standard is 'identical to the Rule 12(b)(6) standard.' *In re*

---

[1] Plaintiff's Response in opposition refers to the errors identified by defense counsel as "*alleged* misquotations." Resp. 2, 3 (emphasis added). As explained in the body of the Opinion, the "alleged" errors identified by defense counsel are in fact true errors. Plaintiff also acknowledges that the errors are actual in his argument. *See, e.g.,* Resp. 3 ("Defendants correctly identify" the *Long* error); 4 (acknowledging he incorrectly used the word "identical" in a quotation where that word does not appear); and 4 (acknowledging that he should not have placed brackets around an existing letter in a quote from a Supreme Court case).

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) . . . . " Pltf. Reply 2. The defense points out that Plaintiff's cited quotation is inaccurate. Plaintiff's quotation describes the futility standard being discussed as, "*identical*" to the Rule 12(b)(6) standard, whereas the Third Circuit actually stated that the standard is "*the same*." Plaintiff argues that his "use of 'identical,' instead of 'the same' is a paraphrase, and that the quotation marks he used should have been omitted.[2] He thus admits he should not have used quotation marks in his paraphrase of the legal proposition. He also argues that the error makes no substantive difference.

    Finally, Defendants cite an error in the following quotation from Plaintiff's Reply: "Under Rule 15(a)(2), leave to amend should be 'freely give[n] when justice so requires.'" Pltf. Reply at 1 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff placed brackets around the letter "n" in the word "given," but such brackets do not appear in the actual Supreme Court quotation. Plaintiff admits the error, but defends the erroneous use of the bracketed "n," by explaining that it is "standard citation practice to show grammatical modification for sentence flow." Pltf. Resp.4.[3] He downplays the significance of the error, noting that there was no material misrepresentation. Further, he states that he "will use 'freely given' without brackets in future filings". Pltf. Resp. 4.

---

[2] In admitting the error in his quotation, Plaintiff incorrectly attributes to the defense an argument they did not make. He states: "Defendants claim the statement that the futility standard is "identical to the Rule 12(b)(6) standard" is inaccurate." Resp. 4. Defendants did not make an assertion about the truth of the legal statement made by Plaintiff, they only alleged that "Plaintiff inaccurately quoted language" from the *Burlington* case. Def. Br. Supp. 4. Plaintiff agrees that he did make that error.

[3] Plaintiff does not explain how his use of brackets to modify the word given, in this instance, improved sentence flow.

Plaintiff does not explicitly affirm or deny that he used generative artificial intelligence tools to draft his Reply.[4] His Response, however, is a clear implicit admission that he did use such tools and that such tools did cause the errors identified by Defendants. His unwillingness to affirmatively admit that he used artificial intelligence to draft his Reply cuts against his argument that his present - after-the-fact - acknowledgement of identified errors, and willingness to correct them, is sufficient. It is not. Neither the Court nor defense counsel is charged with fact-checking and reviewing Plaintiff's pleadings. That responsibility is Plaintiff's alone.[5]

Plaintiff argues that the errors do not change his argument or that the errors are not that significant. The problem, however, has little to do with the apparent magnitude of the errors. The problem is that Plaintiff used artificial intelligence tools to draft a pleading, and then failed to review the pleading to identify and correct any errors before filing it on the docket. It appears that Plaintiff has determined that if any errors are identified after a pleading is filed, he will admit the errors and correct them. This is insufficient. Whether any errors or omissions in a pleading are correctable, whether the errors are complex or simple, whether the errors are prejudicial or not, Plaintiff's practice of not thoroughly reviewing his pleadings prior to filing, wastes both the Court's and opposing counsel's time in conducting fact-checking that should have already been performed by Plaintiff *before* he filed the document. Here, where there are errors, all parties and the Court have spent time addressing issues that would have never arisen, but for the erroneous pleading.

---

[4] Plaintiff mentions the terms "artificial intelligence" and "AI" just three times in his Brief. Br. 4,5. None of the references were in response to the errors pointed out by defense; the terms were only mentioned within Plaintiff's argument distinguishing a case cited by the defense.

[5] Although pro se pleadings are liberally construed, "pro se litigants . . . cannot flout procedural rules—they must abide by the same rules that apply to all other litigants. *See McNeil [v. United States]*, 508 U.S. [106,] 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (other quotations omitted).

The series of errors and mistakes within Plaintiff's pleading requires that the Reply Brief be stricken, with leave to file an Amended Reply. Going forward, Plaintiff is hereby directed to review any future filing fully and carefully before filing, with the goal to provide complete accuracy. Plaintiff shall also provide a certification disclosing whether or not he has utilized any artificial intelligence drafting tools in the research and/or drafting of the document being filed. Plaintiff shall also list each artificial intelligence tool he has used to research and/or draft the document being filed. Plaintiff shall also certify that he has fully reviewed each citation for accuracy. With respect to the use of generative artificial intelligence tools in this case, all parties shall comply with the following:

> The use of Artificial Intelligence or Generative Artificial Intelligence, raises a number of practical concerns for the Court, including the risk that the generative Artificial Intelligence tools produce legally or factually incorrect information, produce incorrect quotations, produce incorrect case citations, or create unsupported or nonexistent legal citations. Any party, whether representing themselves pro se or through counsel, who uses any generative artificial intelligence tools in the preparation of any pleading to be filed in this matter, must include with the pleading a Certificate stating that Artificial Intelligence and/or Generative Artificial Intelligence tools were used in the preparation of the pleading. The party must also direct opposing counsel and the court to the specific portions of the filing generated by the Artificial Intelligence tools, and certify that counsel or the self-represented party has checked the accuracy of the pleading, including all citations and all legal authorities.

Future violations will be met with a sanctionable response for failure to follow a Court Order and/or for violating Federal Rule of Civil Procedure 11 and/or for violating any other applicable Rule.

   II.   **Motion for Access to TRO Hearing Transcript**

Plaintiff has filed a motion seeking access to the transcript of the hearing on his Motion for Temporary Restraining Order. ECF No. 41. Plaintiff requests that the Court order the court reporter to provide a copy of the transcript at no cost, or, that the Court order defense counsel to

provide him with a PDF file of the transcript at no cost. He requires the transcript, he says, "because it contains sworn testimony and factual representations that form a critical part of the record in this case." Mot. for Trans. 2. He states that "lack of access would materially disadvantage him in preparing filings, understanding the evidentiary record, and participating meaningfully in the next procedural stages of the case." *Id.* By not providing a free copy of the transcript, he asserts that an information imbalance between the parties occurs. *Id.* at 2-3.

It has long been settled that self-represented parties proceeding in forma pauperis are not entitled to payment for the costs of litigation. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir.1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); *Barnes v. Sec'y United States Dep't of Com.*, No. 23-3195, 2024 WL 4003087, at *1 (3d Cir. Aug. 30, 2024); *Augustin v. New Century TRS Holding, Inc.*, No. MISC. 08-326, 2008 WL 5114268, at *3 (W.D. Pa. Nov. 25, 2008) ("As observed in *Tabron*, 28 U.S.C. "§ 1915 does not authorize payment of litigation expenses, and no other federal law authorizes courts to order the payment of federal monies for the necessary expenses of a civil suit brought by an indigent litigant.").

The Third Circuit has, however, recognized that, "as part of the inherent equitable powers of the district court in *supervising discovery*, a district court may, under some circumstances, exercise its discretion to order an opposing party to pay for or to provide copies of *deposition transcripts* for an indigent litigant as a condition precedent to allowing that party to take depositions." *Tabron*, 6 F.3d at 159 (emphasis added). The Court will not exercise its equitable powers here, as the circumstances do not presently warrant the provision of the transcript without

6

payment. First, the transcript of the TRO hearing is not a discovery item, which is the stage of litigation referred to by the Third Circuit. Discovery has not yet begun. Second, Plaintiff speculates that the transcript may be necessary to brief future issues, but he does not identify a specific ripe issue. He states that the TRO hearing has already been relied upon for current briefings, but the only reference to the TRO hearing occurs in Plaintiff's motion for leave to amend his complaint, and all Plaintiff says in that motion is that he cross-examined Defendant Selcer. Thus, the TRO hearing transcript is not necessary for Plaintiff to argue his case with respect to amending his complaint. Of course, the Motion has already been briefed. Moreover, Plaintiff attended the TRO hearing in person, testified on his own behalf, cross-examined witnesses, and was able to take notes of the testimony. Plaintiff has not shown why he needs a copy of the TRO hearing transcript, at this time, free of cost. Accordingly, the request for a copy of the TRO hearing transcript is denied.

### III. Conclusion

Defendant's Motion to Strike will be granted, and Plaintiff's Reply Brief filed at ECF No. 37, will be stricken. Plaintiff will be given leave to re-file a corrected Reply Brief. Plaintiff's Motion for Access to TRO Hearing Transcript will be denied. ECF No. 41.

Accordingly, the following order is hereby entered.

### ORDER

AND NOW, this 5th day of December 2025, for the reasons set forth above, it is hereby ORDERED that Defendants' Motion to Strike Reply, ECF No. 38, is GRANTED. Plaintiff's Reply in Support of Motion for Leave to File Second Amended Complaint, ECF No. 38, is hereby STRICKEN.

Plaintiff is given leave to re-file his Reply Brief consistent with the directions with this Opinion by December 15, 2025. If no Reply Brief is filed by the deadline, the Motion will be resolved without it.

IT IS FURTHER ORDERED that Plaintiff's Motion for Access to TRO Hearing Transcript, ECF No. 41, is DENIED.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

David Michael Mullins
430 S. Fairmount St. Unit 1
Pittsburgh, PA 15232