**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID MULLINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DUQUESNE UNIVERSITY OF THE HOLY SPIRIT, DANIEL SELCER, ALICIA SIMPSON, ADAM WASILKO, ANNE MULLARKEY SAWA,<br><br>　　　　　Defendants. | 2:25-cv-1366-MJH<br><br>Judge Marilyn J. Horan |

**MOTION TO STRIKE PLAINTIFF'S
MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT**

Through their undersigned counsel, Defendants file the within Motion to Strike the Motion and Brief in Support of the Motion for Reconsideration filed by Plaintiff, David A. Mullins ("Plaintiff" or "Mullins"), and hereinafter move as follows:

1.　　On December 5, 2025, this Court entered an Order addressing the use of artificial intelligence and generative artificial intelligence tools ("AI Tools") in filings submitted in this matter (the "December 2025 Order"). ECF No. 42.

2.　　Within the December 2025 Order, the Court specifically required that any party using AI Tools in connection with a filing must, inter alia:

　　　a.　　Include a certification stating that AI Tools were used;

　　　b.　　Identify the specific portions of the filing generated by AI Tools; and

　　　c.　　Certify that all citations, quotations, legal authorities, and factual assertions were independently reviewed and verified. Id.

3.　　The Court further warned that violations of the December 2025 Order could result in sanctions under Federal Rule of Civil Procedure 11. Id.

4.      On May 19, 2026, Plaintiff filed a five-page Motion, together with a 39-page Brief in Support of a Motion for Reconsideration, asking the Court to reconsider its Opinion and Order denying Plaintiff's Motion for Leave to File a Second Amended Complaint (collectively, Plaintiff's "Motion for Reconsideration"). ECF Nos. 47, 48.

5.      Although Plaintiff included a self-titled, "Certification Regarding Use of Artificial Intelligence Tools," within his Motion for Reconsideration, Plaintiff's certification fails to comply with the Court's December 2025 Order because it does not identify the specific portions of the Motion for which AI Tools were utilized, and includes a broad and generalized statement that AI Tools were used for "phrasing assistance, structural editing, and stylistic refinement" throughout the filings. See id., ECF 48, at pp. 38-39.

6.      A review of Plaintiff's Motion for Reconsideration demonstrates numerous inaccurate legal assertions, unsupported legal theories, erroneous citations, and unintelligible arguments, all of which strongly suggest substantial reliance on AI Tools despite Plaintiff's representations to the contrary. Id., passim.

7.      By way of limited example, Plaintiff repeatedly relies upon Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008), while ignoring the Supreme Court's subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which altered the pleading standards discussed in Phillips. Id., at pp. 6, 8-9, 12, 16.

8.      Plaintiff similarly mischaracterizes Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3d Cir. 1999), by attributing language and concepts to the case that do not appear in the decision and by referencing an "Iqbal step-2 analysis" in connection with Max's Seafood, even though Iqbal was decided approximately ten years after Max's Seafood. Id., at pp. 3, 19-20.

9.      Plaintiff relies on <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.</u>, 998 F.2d 1192 (3d Cir. 1993), as purported authority governing motions for leave to amend, despite the fact that neither case concerns motions for leave to amend. <u>Id.</u>, at pp. 6, 11-13.

10.     The Motion for Reconsideration also contains numerous unintelligible phrases, argument sections, and references to unsupported legal theories. <u>Id.</u>, <u>e.g.</u>, pp. 4-5, and 26, fn 5.

11.     Federal courts possess inherent authority to enforce compliance with court orders and to strike pleadings submitted in violation of those orders. <u>See</u> Fed. R. Civ. P. 11; Fed. R. Civ. 12(f); Fed. R. Civ. P. 37; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43-46 (1991)

12.     Courts within the Third Circuit have repeatedly recognized that even pro se litigants must comply with court orders and procedural rules. <u>Days Inn Worldwide, Inc. v. Shaikh</u>, 249 F.R.D. 472 (D. N.J. 2008); <u>Jackson v. Univ. of Pittsburgh</u>, 141 F.R.D. 253, 254-55 (1992).

13.     Plaintiff's Motion for Reconsideration presents the precise burden identified by this Court in its December 2025 Order, as it has required opposing counsel to expend unnecessary time conducting fact checking and citation verification that should have been completed prior to filing.

WHEREFORE, Defendants respectfully request that this Court:

A.      Strike Plaintiff's Motion for Reconsideration and accompanying Brief, ECF Nos. 47-48;

B.      Impose appropriate sanctions for Plaintiff's failure to comply with this Court's December 5, 2025 Order;

C.      Prohibit Plaintiff from refiling the Motion for Reconsideration; or alternatively, require that any refiling strictly comply with the Court's standing orders and page limitations; and

D.      Grant such other and further relief as the Court deems just and proper.

Dated: May 22, 2026                                    Respectfully submitted,

*s/ Beverly A. Block*

Beverly A. Block, Esquire
Pa. I.D. No. 93406
George C. Thompson, Esquire
Pa. I.D. No. 316626
Julianne C. Beil
Pa. I.D. No. 315892

**BLOCK & ASSOCIATES, LLC**
6514 Wilkins Avenue
Pittsburgh, PA 15217
(412) 532-8355
bblock@blockpgh.com
gthompson@blockpgh.com
jbeil@blockpgh.com
*Counsel for All Defendants*